UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CLARENCE HAYES          ]
    Petitioner,     ]
                        ]
v.                      ]    No. 3:14-0836
                        ]    Judge Campbell
BRUCE WESTBROOKS, Warden ]
    Respondent.    ]

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Bruce Westbrooks, Warden of the facility, seeking a writ of habeas corpus.

**I. Background**

On July 16, 2008, a jury in Davidson County found the petitioner guilty of first degree felony murder. Docket Entry No. 18-4. For this crime, he received a sentence of life imprisonment with the possibility of parole. Docket Entry No. 18-1 at pg. 45.

While an appeal was pending in the state courts, the petitioner filed a *pro se* petition for federal habeas corpus relief. Clarence Hayes v. James Fortner, Civil No. 3:09-1167 (M.D. Tenn.)(Haynes, J., presiding). That petition was denied without prejudice for failure to exhaust state court remedies. *Id.* at Docket Entry No. 15.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction and sentence. Docket Entry No. 18-8. The Tennessee Supreme Court later denied petitioner's application

1

for discretionary review. Docket Entry No. 18-10.

In June, 2011, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 18-11 at pgs. 22-30. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court denied the petition. *Id.* at pgs. 62-67.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.18-16. The Tennessee Supreme Court then denied petitioner's application for further post-conviction review. Docket Entry No. 18-18.

## II. Procedural History

On March 24, 2014, the petitioner filed a petition (Docket Entry No. 1) under 28 U.S.C. § 2254 for writ of habeas corpus. Upon review of the petition, the Court noted that the petitioner had failed to set forth any specific claims for relief. The petitioner was, therefore, instructed to file an amended petition. Docket Entry No. 3.

Presently before the Court is petitioner's amended petition for writ of habeas corpus. Docket Entry No. 5. The amended petition sets forth four claims for relief, one of which contains sixteen sub-issues.[1] These claims include :

> 1) whether the failure to provide exculpatory information to trial counsel rises to the level of prosecutorial misconduct;
>
> 2) trial counsel was ineffective for[2]
> a) failing to interview fourteen (14) potential

---

[1] The claims are set forth with specificity in an unsigned Memorandum. *See* Docket Entry No. 11.

[2] At trial, the petitioner was represented by David Collins, a member of the Davidson County Bar.

    defense witnesses;
b) failing to investigate and present evidence showing that several concerned citizens had told the victim's mother (Tamika Hudson) that Keion Kendrick was involved in the death of her son;
c) failing to investigate and present evidence from Cathy Zoccola that Terry Johnson had information about the victim's death;
d) failing to investigate and present evidence from Danita Wilson that she is a close friend of Keion Kendrick;
e) failing to investigate and present evidence that Detective Eric Fitzgerald thought that Keion Kendrick might be the shooter;
f) failing to investigate and present evidence that Detective Tom Jones had interviewed Cleo King;
g) failing to investigate and present evidence showing that Cleo King had identified William Greer, the petitioner and Keion Kendrick from a photo line-up;
h) failing to investigate and present evidence of petitioner meeting with Officer Malone to report the vandalism of his car;
i) failing to investigate and present evidence showing that William Greer told Detective Jim Fugua that he was unable to see the suspect clearly;
j) failing to investigate and present evidence that William Greer told Officer Gary Smith he "only saw a male black subject on the porch area. The subject had on a brown sweatshirt.";
k) failing to present evidence that Monayah Hayes was unable to identify Timothy Cartwright from a photographic line-up;
l) failing to investigate and present evidence that Terry Johnson had identified Keion Kendrick as someone who had shot him on 3/18/06;
m) failing to investigate and present evidence that Rickie Lee Carr had identified Keion Kendrick as someone who had shot him on 3/18/06;
n) failing to investigate and present evidence that Officer Burke saw a white 2000 Ford Crown Vic fitting the description of a "BOLO" on 3/24/06;
o) failing to investigate and present evidence showing that Detective Eric Fitzgerald was looking for a white Ford Crown Vic;

3

> p) failing to investigate and present evidence that the victim was shot three times rather than twice;

3) the petitioner was wrongly convicted of criminal responsibility, i.e., the evidence was not sufficient to support the conviction; and

4) newly discovered evidence (the State dismissed the indictment against the alleged shooter, Timothy Cartwright).

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 12) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court are the petition, respondent's Answer (Docket Entry No.17) to the petition, and petitioner's Reply (Docket Entry No. 21) to the Answer.

Upon consideration of these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity

to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538, 552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4, 6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

Several of the petitioner's ineffective assistance claims (Claim Nos. 2b-e, 2g-j, 2l-p), as well as his newly discovered evidence claim (Claim No. 4), were never offered to the state courts for review during either the direct appeal, *see* Docket Entry No. 18-6, or during post-conviction proceedings, *see* Docket Entry No. 18-14.[4]

Unfortunately, at this late date, it appears that state court remedies for these claims are no

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

[4] The dismissal of the murder charge against petitioner's co-defendant was mentioned on direct appeal as part of his challenge to the sufficiency of the evidence but was not presented to the state courts as an independent claim of newly discovered evidence. Docket Entry No. 18-6 at pgs. 36-37.

longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner's pleadings offer nothing to suggest cause for his failure to exhaust these claims in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged violations. Consequently, these claims (Claim Nos. 2b-e, 2g-j, 2l-p, and 4) will not

support an award of federal habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

The petitioner first raised his claim of prosecutorial misconduct (Claim No. 1) in the state courts during post-conviction proceedings. Docket Entry No. 18-14 at pgs. 10-11. The Tennessee Court of Criminal Appeals held that the claim had been "waived for failure to present it on direct appeal". Docket Entry No. 18-16 at pg. 16.

When a state court rejects a habeas petitioner's claim pursuant to an independent and adequate procedural ground, that claim has been procedurally defaulted. Baze v. Parker, 371 F.3d 310, 320 (6th Cir. 2004). Waiver is an independent and adequate state procedural rule. *See* Engle v.Isaac, 456 U.S. 107, 125, n. 28 (1982). Therefore, federal habeas review of petitioner's prosecutorial misconduct claim is barred absent a showing of cause and actual prejudice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). As noted above, the petitioner has made no showing of cause as to why this claim was not presented to the state courts on direct appeal. Nor has he shown actual prejudice arising from this alleged violation of his rights. Accordingly, this claim also fails to provide the petitioner with a basis for federal habeas corpus relief.

**B.) Fully Exhausted Claims**

The petitioner's remaining claims, i.e., the ineffectiveness of counsel (Claim Nos. 2a, 2f, and 2k) and the sufficiency of the evidence (Claim No. 3), were fully exhausted in the state courts and were found to be lacking in merit.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770,780

(2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

**1.) Sufficiency of the Evidence**

The petitioner alleges that the evidence was insufficient because the prosecution failed to prove that he was criminally responsible for the acts of the individual who shot and killed the victim.

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.,* 99 S.Ct. at 2789. The only question this

Court need answer "is whether that finding was so unsupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 132 S.Ct. 2060, 2065 (2012).

The prosecution theorized that the petitioner hired someone (Timothy Cartwright) to shoot and kill the mother (Monique Greer) of his child and her husband (William Greer). During his attempt to do so, shots were fired and a nine year old child (M.H.) was killed instead. There is no doubt that the petitioner did not fire the fatal shots himself. Therefore, to be convicted, the prosecution had to show that the petitioner was criminally responsible for the acts of the shooter.

According to Tennessee law, "A person is criminally responsible as a party to an offense, if the offense is committed by the person's own conduct, by the conduct of another for which the person is criminally responsible, or by both". Tenn. Code Ann. § 39-11-401(a). An individual is criminally responsible for the acts of another when "acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense." Tenn. Code Ann. § 39-11-402(2).

The evidence, in a light most favorable to the prosecution, showed that the petitioner was having trouble visiting with his child. Docket Entry No. 18-3 at pg. 8. He blamed this trouble on his ex-girlfriend and her husband, William Greer. *Id.* The petitioner told Monique Greer "that he wanted to get his family back". Docket Entry No. 18-2 at pg. 43.

The petitioner expressed his hatred of William Greer to Monique and to her mother, Iola Hudson. *Id.* at pgs. 30 and 42. He bragged to Hudson that "he had people to do things, you know". *Id.* at pg. 30. Iola Hudson witnessed the petitioner threaten William Greer with a pistol. *Id.* at pg. 33.

Kelvin Burke, a friend of the petitioner, testified that the petitioner asked him "to take care of some business for him and knock off a guy named Shooby ...". Docket Entry No. 18-3 at pg. 7. William Greer was known in the community as Shooby. Burke told the jury that the petitioner offered him money "to shoot Shooby and Monique". *Id.* at pg. 8. He declined the offer. The petitioner later admitted to Burke, though, that he had hired Timothy Cartwright to kill William Greer. *Id.* at pgs. 12-13.

William Greer told a Metro Police Officer that Timothy Cartwright was the man he saw on his porch shortly before shots were fired into his house. *Id.* at pg. 88. A review of the petitioner's cell phone records revealed that he had made several calls to Timothy Cartwright on the day of the shooting and that the petitioner was in the vicinity of the Greer house near the time of the murder. *Id.* at pg. 81.

Clearly, the evidence against the petitioner was wholly circumstantial. Circumstantial evidence, however, can support a conviction. United States v. Farley, 2 F.3d 645, 650 (6th Cir. 1993). From the evidence presented, any rational juror could have found that the petitioner had hired Timothy Cartwright to shoot and kill Monique and William Greer. This would make him criminally responsible for the death of the child that occurred during the attempted perpetration of that crime. As a consequence, the state courts did not offend federal law by finding that the evidence was sufficient to support petitioner's conviction.

**2.) Ineffective Assistance of Counsel**

The petitioner's remaining claims (Claim Nos. 2a, 2f and 2k) allege instances in which counsel was ineffective. These claims were exhausted in the state courts during post-conviction proceedings. Docket Entry No. 18-14 at pgs. 8-10.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner alleges that his attorney was ineffective for failing to interview fourteen potential defense witnesses (Claim No. 2a), for failing to call Detective Tom Jones as a witness (Claim No. 2f), and for failing to call his daughter, Monayah, as a witness (Claim No. 2k).

To establish these claims, the petitioner called Detective Eric Fitzgerald; his attorney, David Collins; and himself to testify at the post-conviction evidentiary hearing. Docket Entry No. 18-12. Counsel testified that he hired a private investigator who "interviewed everybody that the government had interviewed and interviewed everybody that Mr. Hayes wanted us to interview in an effort to try to exonerate him from this". *Id.* at pg. 27. The petitioner did not offer the testimony of Detective Jones, Monayah Hayes or any of the other fourteen potential defense witnesses. As a consequence, the state courts found that the petitioner had not established by clear and convincing evidence that he had been prejudiced by these alleged instances of ineffective assistance. On that basis, the state courts rejected these claims. Docket Entry No. 18-16 at pg. 14.

This Court agrees that the petitioner has made no showing of prejudice arising from the

alleged instances of ineffective assistance. For that reason, these claims have no merit. *See* Stanford v.Parker, 266 F.3d 442, 460 (6th Cir. 2001)( conclusory habeas corpus claims are subject to dismissal).

## IV. Conclusion

Procedural defaults bar federal habeas corpus review of several of petitioner's claims (Claim Nos. 1, 2b-e, 2g-j, 2l-p and 4). With respect to those claims that were properly exhausted in the state courts (Claim Nos. 2a, 2f, 2k and 3), the petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law.

Accordingly, the Court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted.

An appropriate order will be entered.

Todd Campbell
United States District Judge